## A. HERNANDEZ v. THE STATE.

1. BAIL. — After indictment found, the courts of this state have no authority, on *habeas corpus*, to discharge the accused without bail.
2. SAME. — To obtain a reduction of bail by *habeas corpus*, the petition should be framed with a view to that relief, and complain that the amount required of him is excessive.
3. SPEEDY TRIAL. — The fact that a party charged with murder is in the peni-

tentiary need not prevent his trial upon that charge. He can be brought out for the purpose.

4. SAME. — A prisoner who has never demanded or been refused a trial cannot, by *habeas corpus*, invoke the constitutional guaranty of "a speedy public trial, by an impartial jury," as a right entitling him to be discharged.

HABEAS CORPUS, on appeal from a judgment in chambers, rendered by the Hon. A. BLACKER, judge of the Twentieth Judicial District.

The facts are disclosed in the opinion.

*Hancock, West & North,* for the appellant.

*W. B. Dunham,* for the State.

WHITE, J. Appellant in this case was indicted in the District Court of Presidio County, under article 225 of the Penal Code (Pasc. Dig., art. 1821), as accessary to the murder of one Abraham Jackson. The indictment charges the murder to have been committed by one William Leaton.

It appears, from the facts stated in this case, that Leaton, the principal to the murder, has been tried and convicted, and sent to the penitentiary, under two other indictments, and is now serving out the sentences in those two cases in that institution.

Appellant, in view of these facts, moved the court to abate the indictment against him, because the statute provides (Pasc. Dig., art. 1825) that, "if the principal be arrested, he shall first be tried;" and, further, that the Constitution of the state guarantees to all persons accused of crime "a speedy and impartial trial." This motion was overruled by the court. Appellant then sued out a writ of *habeas corpus* before Judge Blacker, of the Twentieth Judicial District, setting up all the facts, and praying to be discharged. The hearing upon *habeas corpus* resulted in the

judge's refusal to discharge the relator, and an order admitting him to bail upon his executing a bond in the sum of $1,000. It is from this judgment that this appeal is prosecuted.

The judge had no authority to discharge the relator, for it is expressly provided by statute " that no defendant shall be discharged, after indictment, without bail." Pasc. Dig., art. 2627. His action in admitting him to bail was entirely correct, and as to the amount fixed as the bail ($1,000) in the case, we think it a reasonable sum, in consideration of the crime charged ; and, whether reasonable or unreasonable, the relator has made no complaint that it is excessive. Pasc. Dig, art. 2608.

It is true that our Constitution guarantees that " in all criminal prosecutions the accused shall have a speedy, public trial, by an impartial jury." Bill of Rights, art. 1, sec. 10 (Const.). But in the case before us there is no showing that defendant has ever demanded, or been refused, a trial. The fact that his principal is in the penitentiary does not militate against the right of speedy trial, because, if it becomes necessary to do so, we see no reason why he could not be brought out and tried for a greater offense than that for which he was incarcerated. *Washington* v. *The State*, 1 Texas Ct. App. 647.

There was no error in the ruling of the district judge in refusing to discharge the relator, and the judgment is, therefore, affirmed.

*Affirmed.*